AUGUSTA M. REARDON AND EDWARD REARDON, PLAIN-
TIFFS-APPELLEES, v. THE BOROUGH OF WANAQUE, A
MUNICIPAL CORPORATION, DEFENDANT-APPELLANT.

Submitted October 2, 1944—Decided March 5, 1945.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and
PERSKIE.

For the plaintiffs-appellees, *J. Chester Massinger* (*Martin
Kimmel,* on the brief).

For the defendant-appellant, *Harry L. Schoen* (*Heyman
Zimel,* of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. The plaintiffs had judgment, Augusta M. Reardon for personal injuries which she suffered, and her husband, Edward, for losses consequent. The defendant, a municipal corporation, appealed. We have previously had occasion to consider the plaintiffs' claim in this matter (*Reardon et al.* v. *The Borough of Wanaque, &c.,* 129 *N. J. L.* 18) in which a judgment of nonsuit on counsel's opening was reversed. The facts have been stated in some detail in our opinion in that case.

In the present record it appears that the plaintiff Mrs. Reardon, accompanied by her son and other relatives, called on a friend who lived on Mullen Avenue in the Borough of Wanaque; a public improvement was in progress on that street; it consisted of laying new curbs according to fixed grades. Apparently some excavating had been required. At any rate, there was an open ditch in the roadway in front of the house in which Mrs. Reardon's friend lived. Plaintiff came by automobile, driven by the son, and stopped a little beyond the friend's house which they entered by the rear door. When this plaintiff was about to return home at half past ten that evening, December 13th, 1939, leaving the house by the front door, she walked to the roadway to enter her son's car and fell into the open ditch or trench at the roadway, which was unguarded and unprotected by light or barrier, and suffered substantial personal injuries. The municipality appeals and asks us to reverse this judgment, stating its argument under three headings—(1) that the trial court fell into error in refusing to grant a nonsuit at the close of the plaintiffs' case; (2) that the trial court erred in its charge to the jury, and (3) that the trial court erred in refusing to take the case from the jury on the theory of the plaintiff's assumption of risk.

Under the first heading it is argued that the borough cannot be held liable for injuries caused "by the negligence of the employees of a federal agency where the borough exercises no control over those employees * * *." There is no merit in this point. The street is a public highway "under the control, supervision and management, in so far as repairs,

maintenance and improvements are concerned" of the defendant. This was stipulated by the parties.

Municipalities, under our law, do not enjoy immunity from liability where injury is visited on an individual as a result of the municipality's active wrongdoing. On the contrary, where, as here, a nuisance results by reason of active negligence on the part of the municipality's agents, it is held answerable in damages to the individual for the harm done him. *Hart* v. *Freeholders of Union,* 57 *N. J. L.* 90; *Hammond* v. *County of Monmouth,* 117 *Id.* 11; *Fisher* v. *Nutley,* 120 *Id.* 290; *Allas* v. *Rumson,* 115 *Id.* 593.

But the appellant contends it is outside the pale of this rule inasmuch as the improvement was done by a federal agency (W.P.A.) which hired the employees for the work and over whom the governing body had no control. We are unable to agree with this contention. It appears in the case that the federal agency paid the labor cost and that the municipality paid, in whole or in part, for the material used in the undertaking and that supervision of the work from an engineering standpoint was entrusted to the firm of Lowe & Scanlon, engineers representing the borough.

In the stipulation between the parties there is this provision: "Project will be superintended by our R. Lowe, the Borough engineer." The doctrine of independent contractor is inapplicable in these facts and circumstances. In any event, under the proofs, it would seem that the defendant and the federal agency had engaged in a joint enterprise. In this situation the municipality will not be heard in avoidance of liability for its active wrongdoing.

It is next said the court's charge to the jury was erroneous and, finally, that the court should have taken the case from the jury because the plaintiff had assumed the risk of the accident by undertaking to walk across the sidewalk to the curb. We will treat these points in inverse order. The argument that the plaintiff had assumed the risk has nothing to justify it. In the face of the proofs the court could not legitimately conclude as a matter of law that the plaintiff had assumed the risk because the proof was that the plaintiff had no knowledge whatever of the existence of the nuisance in the

highway. The excavation had been left unprotected by barrier and unmarked by a light and consequently she had no reason to think that it was there.

As to the court's charge, the argument amounts to this: that the charge was inaccurate as a matter of law and inadequate as a statement of the legal principles involved. It is said that the jury was bound to understand the court's instruction to mean that "mere negligence" on the part of the municipality was sufficient to hold it answerable in damages to the plaintiff when instead the requirement of the law is that there must be proof of active wrongdoing, *i. e.,* not a failure to act but negligence affirmative in character.

The first exception to the charge is of no value. It was a general exception. Exceptions to a charge must be specific (*Martin* v. *Studebaker Corp.,* 102 *N. J. L.* 612, 613). Other exceptions, however, sufficiently bring up for review the court's instruction to the jury on this crucial point wherein the learned trial judge repeatedly referred to the issue as a "negligence action." The charge as a whole has had our careful consideration. If a plaintiff would recover from a municipality for personal injury because of the municipality's negligence it must be shown that the person making claim has suffered injury as a result of the wrongful act, *i. e.,* affirmative misfeasance rather than a mere negligence which may fall far short thereof. *Allas* v. *Rumson, supra.*

Examining the charge as a whole, in the light of the exceptions thereto, we do not find that the trial judge instructed the jury on the legal principles which were controlling in the law of negligence in an action by an individual for personal injury brought against the municipality. And this, we think, he was obliged to do, under the circumstances.

The judgment will have to be reversed, costs to abide the event. A *venire de novo* will be allowed.